**HLD-006** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3404
_____

IN RE: ANDERSON JOSE COUTINHO-SILVA,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-10-cr-00002-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 2, 2023
Before: CHAGARES, Chief Judge, HARDIMAN, and PHIPPS, Circuit Judges

(Opinion filed: January 9, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Petitioner Anderson Jose Coutinho-Silva is currently serving a 207-month

sentence for his convictions for Hobbs Act robbery under 18 U.S.C. § 1951(a), using a

firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), and being

an alien in possession of a firearm under 18 U.S.C. § 922(g)(5)(A). In 2016, he filed a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion to vacate his sentence under 28 U.S.C. § 2255, claiming that the predicate offense (Hobbs Act robbery) for his § 924(c) conviction no longer qualified as a crime of violence under the reasoning of Johnson v. United States, 576 U.S. 591 (2015). In 2020, he filed another § 2255 motion to present a claim under Rehaif v. United States, 139 S. Ct. 2191 (2019). During the course of the District Court proceedings, Coutinho-Silva filed a number of supplemental motions and requests for relief.

In December 2022, Coutinho-Silva filed a petition for a writ of mandamus asking us to compel the District Court to rule on his 2016 § 2255 motion. He subsequently filed additional requests in this Court, including a motion to "clarify [his] status as to a number of pleadings made and submitted to this Court," Mot. 1, ECF No. 7; a "motion for leave of court to concead [sic]" based on the Government's failure to timely respond to his petition, Mot. 1, ECF No. 8; and a motion to reduce his sentence based on amendments to the United States Sentencing Guidelines.

On November 2, 2023, the District Court denied Coutinho-Silva's 2016 § 2255 motion and declined to issue a certificate of appealability. The District Court also denied in part his supplemental filings to the extent that they related to his 2016 § 2255 motion, and not his 2020 § 2255 motion. By separate order, the District Court directed the Government to respond to the 2020 § 2255 motion, and the Government has done so.

To the extent that Coutinho-Silva asks us to compel the District Court to rule on his 2016 § 2255 motion, we will deny the petition because we can no longer grant effective relief. See generally Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). To the extent that Coutinho-Silva asks us to compel the District Court to rule on his 2020

2

§ 2255 motion and related supplemental filings, we are confident that the District Court will do so in due course. Therefore, we will deny the petition without prejudice to Coutinho-Silva's filing another mandamus petition if the District Court does not adjudicate these matters in a reasonable time. In light of our rulings, Coutinho-Silva's "motion to clarify," and "motion for leave of court to concead [sic]" are denied. His motion to reduce his sentence is denied insofar as it is unrelated to the present mandamus action, and because he has filed an identical motion in the District Court. To the extent that Coutinho-Silva has requested any other relief, it is denied.